UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:18cr013-5 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EUGENE WRIGHT | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before            , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED IN PART after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant asserts that his medical conditions, i.e. cardiomyopathy with mitral valve vegetation, severe advanced chronic obstructive pulmonary disease, acute respiratory failure, hypertension, GERD, and anxiety disorder, combined with the risks associated with COVID-19, qualify as an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c) warranting compassionate release.

Defendant does not show that his ability to engage in self-care within his facility is substantially diminished by his medical conditions.  Indeed, Defendant's medical records show that as of May 16, 2023, Defendant's only limitation is that he must occupy a lower bunk.  Moreover, Defendants' conditions are being treated with medication and counseling.  Finally, general concerns regarding COVID-19 alone do not qualify as extraordinary and compelling reasons warranting compassionate release.

Additionally, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed.  In the present case, Defendant was part of a large-scale drug

3

distribution network. The presentence investigation report reflects Defendant was attributed with a minimum of one kilogram of methamphetamine (mixture). As part of the plea agreement, Defendant pleaded guilty to a lesser included offense of Count I, that is, conspiracy to possess with intent to distribute, and to distribute, a quantity of methamphetamine. Based on the sentencing guidelines, Defendant had a total offense level of 30 and a criminal history category of I, giving Defendant a guideline range of 97 to 121 months' imprisonment. The Court sentenced Defendant to 103 months' imprisonment, toward the lower end of the guidelines. Had Defendant pled guilty to Count I as charged, he would have been subject to a statutorily authorized term of not less than ten years nor more than life imprisonment. Currently, Defendant's projected release date is December 5, 2025, meaning he has approximately twenty-eight months left to serve. If Defendant were released now, he will have served well below his favorable sentence and guidelines range. Defendant's criminal history is also concerning. Though they are older conviction that did not count toward his criminal history score, the convictions include solicitation for prostitution, possession of marijuana, driving under the influence, driving with a suspended license (twice), burglary of an unoccupied structure, and disorderly conduct. It appears Defendant's past criminal history did not deter him from committing another offense. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☒ DENIED WITHOUT PREJUDICE IN PART because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

5

Defendant exhausted his administrative remedies with regard to his medical conditions, but he has not exhausted his administrative remedies with regard to any other ground for relief. See Dkt. No. 472-2 at 3. Defendant must include in his reduction-in-sentence request to the Bureau of Prisons all grounds for relief before he may petition the Court for relief on those grounds.

**IT IS SO ORDERED.**

August __7__, 2023

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA